

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　CRIMINAL CASE NO. 4:17CR131
　　　　　　　　　　　　　　　　　　　　18 U.S.C. § 1347
　　　　　　　　　　　　　　　　　　　　18 U.S.C. § 1349

SCOTT E. NELSON
CHARLINE BRANDON, a.k.a. Hadiya Imani El Bey
WENDELL BRANDON, a.k.a. Omari Ibrahim El Bey
ANNETTE LOFTON

## INDICTMENT

The Grand Jury charges that:

### Count One
(Healthcare Fraud Conspiracy)

### Introduction

At all times relevant herein:

1.　　DR. SCOTT NELSON, defendant, was a medical doctor in Cleveland, Mississippi and served as a medical director for Haven Hospice, North Haven Hospice, Lion Hospice, Zion Hospice, Milestone Hospice, Sandanna Hospice and Revelation Hospice. DR. SCOTT NELSON was an enrolled provider for Medicare and Medicaid.

2.　　CHARLINE BRANDON, a.k.a. Hadiya Imani El Bey, owned and operated Genesis Hospice Care, Genesis Hospice Care of Indianola, and Genesis Hospice Care – Batesville (hereinafter collectively referred to as "Genesis Hospice"). Genesis Hospice applied for and received a Medicare and Medicaid provider number to purportedly provide hospice services in the Northern District of Mississippi.

1

3. WENDELL BRANDON, a.k.a. Omari Ibrahim El Bey, defendant, was the nominal owner of Haven Hospice & Palliative Care, LLC (hereinafter "Haven Hospice"), North Haven Hospice & Palliative Care, LLC (hereinafter "North Haven Hospice"), Lion Hospice & Palliative Care, LLC (hereinafter "Lion Hospice") and North Lion Hospice & Palliative Care, LLC (hereinafter "North Lion Hospice"). Haven Hospice, North Haven Hospice, Lion Hospice and North Lion Hospice applied for and received a Medicare provider number and a Medicaid provider number to purportedly provide hospice services in Mississippi.

4. CHARLINE BRANDON, a.k.a. Hadiya Imani El Bey, defendant, although not listed as the owner in corporate documents and filings with Medicare, was the actual owner and the person primarily responsible for the operation of Haven Hospice, North Haven Hospice, Lion Hospice and North Lion Hospice.

5. ANNETTE LOFTON, defendant, owned and operated Zion Hospice. Zion Hospice applied for and received a Medicare provider number to purportedly provide hospice services in the Northern District of Mississippi.

6. Sandra Livingston, who is not charged in this Indictment, owned and operated Sandanna Hospice, Inc. and Milestone Hospice, Inc. Both Sandanna and Milestone applied for and received a Medicare provider number to purportedly provide hospice services in the Northern District of Mississippi. Sandanna received a Medicaid provider number. Lara Lynn Thompson, who is not charged in this Indictment, was employed by Sandra Livingston at both Sandanna Hospice and Milestone Hospice.

7. Andre Kirkland, who is not charged in this indictment, owned and operated Revelation Hospice & Palliative Care, LLC (hereinafter "Revelation Hospice"). Revelation

2

Hospice applied for and received a Medicare provider number to purportedly provide hospice services in the Northern District of Mississippi.

### The Medicare / Medicaid Programs and Hospice Care

8.  The Centers for Medicare & Medicaid Services (CMS), a federal agency within the United States Department of Health and Human Services, was a department of the United States government with responsibilities under federal law for the funding, administration and supervision of certain health care programs, including the Medicare and Medicaid programs. Medicare and Medicaid were both "health care benefit programs" as defined in 18 U.S.C. § 24(b).

9.  Medicare was a federal health insurance program that provided coverage for individuals 65 years or older and for certain disabled individuals. Medicare was financed by federal funds from payroll taxes and premiums paid by beneficiaries.

10. The Medicare program consisted of several parts, one of which, relevant to this Indictment, was referred to as "Part A" hospital insurance, which covered inpatient care in hospitals, nursing homes and skilled nursing facilities. If certain requirements were met, Part A also covered hospice care.

11. The Medicaid Program was a joint Federal and State funded health insurance program that was administered by the State Division of Medicaid. Medicaid provided medical care to low income individuals and certain others with disabilities. Although Medicaid was a federal program, private insurance organizations called intermediaries and carriers contracted with CMS to process and pay claims submitted by health care providers. Under certain conditions, Medicaid would pay claims for hospice care.

3

12.     To qualify for hospice care under Medicare and Medicaid, a patient must be certified by a physician as terminally ill with a life expectancy of six months or less if the terminal condition runs its normal course. At the end of a 90-day enrollment period, a physician may re-certify a patient for hospice care if the patient remained terminally ill.

13.     Genesis Hospice, Haven Hospice, North Haven Hospice, Lion Hospice, North Lion Hospice, Zion Hospice, Milestone Hospice, Sandanna Hospice, and Revelation Hospice, as purported hospice providers, submitted claims and received payments from Medicare. Genesis Hospice, Haven Hospice, North Haven Hospice, Lion Hospice, North Lion Hospice, Sandanna Hospice, and Revelation Hospice also submitted claims and received payments from Medicaid.

14.     DR. SCOTT NELSON falsely certified patients as terminally ill and qualified for hospice services and referred patients to Genesis Hospice, Haven Hospice, North Haven Hospice, Lion Hospice, Zion Hospice, Milestone Hospice, Sandanna Hospice, and Revelation Hospice, which allowed the aforementioned hospice providers to bill Medicare and Medicaid and receive payments from Medicare and Medicaid related to those patients.

15.     As described in the chart below, from on or about the dates listed, Genesis Hospice, Haven Hospice, North Haven Hospice, Lion Hospice, Zion Hospice, Milestone Hospice, Sandanna Hospice, and Revelation Hospice, submitted claims for reimbursement to Medicare and received payment, based on DR. SCOTT NELSON'S false certification and referral that patients were hospice appropriate and terminally-ill:

| HOSPICE | DATE RANGE | MEDICARE AMT PAID FOR PATIENTS CERTIFIED/REFERRED BY DR. NELSON |
|---|---|---|
| GENESIS | 1/1/05-1/23/11 | $2,366,655 |
| SANDANNA | 2/2/07-5/31/13 | $4,602,705 |
| MILESTONE | 8/12/09-1/31/14 | $870,139 |
| NORTH HAVEN | 9/24/10-5/31/15 | $2,580,206 |
| HAVEN | 6/15/12-6/8/15 | $2,628,229 |
| LION | 7/26/12-6/3/15 | $1,103,284 |
| ZION | 6/17/13-2/28/15 | $1,355,228 |
| REVELATION | 12/29/10-12/31/13 | $720,506 |

16. From on or about January 2005 through on or about March 2011, CHARLINE BRANDON, through Genesis Hospice, submitted claims for reimbursement to Medicare for hospice services that resulted in the total, combined payment of approximately $31,784,254 in Medicare funds.

17. From on or about September 2010 through on or about March 2015, CHARLINE BRANDON and WENDELL BRANDON, through Haven Hospice, North Haven Hospice, Lion Hospice and North Lion Hospice, submitted claims for reimbursement to Medicare for hospice services that resulted in the total, combined payment of approximately $11,940,177 in Medicare and the total, combined payment of approximately $2,917,247 in Medicaid funds.

18.     From on or about September 2012 to on or about February 2015, ANNETTE LOFTON, through Zion Hospice, submitted claims for reimbursement to Medicare for hospice services that resulted in the total payment of approximately $2,237,509 in Medicare funds to Zion Hospice.

## The Conspiracy to Defraud Medicare and Medicaid

19.     From on or about January 2005 through on or about March 2015, in the Northern District of Mississippi and elsewhere, defendant, DR. SCOTT NELSON, WENDELL BRANDON, CHARLINE BRANDON, and ANNETTE LOFTON, did knowingly and willfully conspire and agree with each other and Roesha Sanders, Sandra Livingston, Lara Lynn Thompson and Andre Kirkland, who are not charged in this Indictment, and others known and unknown to the Grand Jury, to execute a scheme and artifice, affecting interstate commerce, to defraud a health care benefit program, that is, Medicare and Medicaid, and to obtain money and property owned by and under the custody and control of Medicare and Medicaid, by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347 and 1349.

## Manner and Means

20.     It was part of the conspiracy that DR. SCOTT NELSON certified numerous patients as terminally ill and qualified for hospice when in truth and in fact, the patients were not terminally-ill and did not qualify for hospice care. At the time he certified the patients, DR. SCOTT NELSON knew that CHARLINE BRANDON, WENDELL BRANDON, ANNETTE LOFTON, named defendants, and Sandra Livingston, Andre Kirkland, and others, not named as defendants in this Indictment, through Genesis Hospice, Haven Hospice, North Haven Hospice,

6

Lion Hospice, Zion Hospice, Milestone Hospice, Sandanna Hospice and Revelation Hospice, would submit fraudulent claims to Medicare and Medicaid and receive payments from Medicare and Medicaid based on his false certifications and referrals.

21. It was part of the conspiracy that CHARLINE BRANDON closed Genesis Hospice in order to avoid paying millions of dollars in overpayment demands to Medicare. Subsequently, CHARLINE BRANDON opened Haven Hospice, North Haven Hospice, Lion Hospice and North Lion Hospice in the name of her son, WENDELL BRANDON, and continued to operate in a way that was functionally identical to Genesis Hospice.

22. It was part of the conspiracy that CHARLINE BRANDON and WENDELL BRANDON, through Haven Hospice, North Haven Hospice and Lion Hospice then fraudulently submitted claims to Medicare and Medicaid for hospice services that were not medically necessary and for services not actually provided for patients who had been falsely certified as terminally-ill by DR. SCOTT NELSON.

23. It was part of the conspiracy that Roesha Sanders, who is not charged in this Indictment, assisted CHARLINE BRANDON as the director of marketing for her hospice operation, managing hospice employees who collected names and identifying information and solicited patients for Haven Hospice, North Haven Hospice, Lion Hospice and North Lion Hospice that were not hospice appropriate. Hospice employees, under the direction of Roesha Sanders, often transported the patients directly to DR. SCOTT NELSON.

24. It was part of the conspiracy that ANNETTE LOFTON, through Zion Hospice, fraudulently submitted claims to Medicare for hospice services that were not medically necessary and for services not actually provided for patients who had been falsely certified as terminally ill by DR. SCOTT NELSON.

25. It was part of the conspiracy that DR. SCOTT NELSON, in addition to his monthly medical director's fee, received numerous payments from hospice providers for patient co-pays and past due amounts owed by patients.

26. It was further part of the conspiracy that DR. SCOTT NELSON served as the medical director for numerous other hospice operators, including but not limited to: Angelic Hospice and Palliative Care Services, Inc.; Mercy Hospice and Palliative Care, Inc.; Word of Deliverance Hospice, Inc.; Divine Hospice and Palliative Care, LLC; Carols Hospice & Palliative Services of Shelby, Mississippi, Inc.; Delta Soul Medical, LLC; and Mid-Delta Hospice, Inc.

### Overt Acts

27. During and in furtherance of the conspiracy and to affect the objects of the conspiracy, at least one of the co-conspirators committed at least one of the following overt acts on or about the dates listed.

28. From on or about dates set forth in the chart below, DR. SCOTT NELSON received payments from Genesis Hospice, Haven Hospice, North Haven Hospice, Lion Hospice, Zion Hospice, Milestone Hospice, Sandanna Hospice, and Revelation Hospice in return for his certification and referral of patients to those hospices who were not hospice appropriate and not actually terminally-ill. As set forth in the chart below, each payment to DR. SCOTT NELSON was a separate overt act in furtherance of the conspiracy.

| HOSPICE PROVIDER | DATE RANGE | AMOUNT PAID TO DR. NELSON |
|---|---|---|
| GENESIS | Aug. 2005-June 2013 | $129,316 |
| HAVEN | Feb. 2013-Sept. 2015 | $27,139 |

8

| | | |
|---|---|---|
| **LION** | Aug. 2013-Dec. 2014 | $6,910 |
| **ZION** | Dec. 2013-Feb. 2015 | $51,639 |
| **SANDANNA** | March 2010-June 2013 | $28,401 |
| **MILESTONE** | Feb. 2011-Sept. 2011 | $8,483 |
| **REVELATION** | Jan. 2011-May 2013 | $37,481 |

29. As described in the following chart, DR. SCOTT NELSON falsely certified the listed patients as terminally-ill and hospice appropriate when in truth and in fact, the listed patients were not terminally-ill and were not hospice appropriate. CHARLINE BRANDON, WENDELL BRANDON and ANNETTE LOFTON, through the hospice providers as listed, then submitted fraudulent claims for reimbursement to Medicare on or about the dates listed for alleged hospice services based on DR. SCOTT NELSON'S false certifications. Each false certification by DR. SCOTT NELSON and subsequent billing by the hospice provider represents a separate overt act in furtherance of the conspiracy:

| | HOSPICE PROVIDER | Patient | Claim Dates (Approx.) | Amount Paid by Medicare (Approx. Total) |
|---|---|---|---|---|
| a. | Haven | M.A. | 08/08/12-02/05/13 | $23,712 |
| b. | Haven | E.T. | 08/14/12-02/09/13 | $23,725 |
| c. | Haven | C.L. | 08/20/12-11/20/12 | $12,222 |
| d. | Haven | E.M. | 04/01/14-05/25/15 | $45,558 |
| e. | Haven | L.S. | 07/24/12-01/13/13 | $22,887 |
| f. | Haven | E.C. | 10/01/12-03/29/13 | $23,825 |
| g. | North Haven | E.B. | 09/12/12-03/15/13 | $23,785 |

9

| h. | North Haven | B.J.F. | 02/23/12-08/05/12 | $21,495 |
| i. | North Haven | T.D. | 12/27/12-08/24/13 | $31,512 |
| j. | Lion | M.B. | 03/05/13-09/12/13 | $24,976 |
| k. | Lion | J.B. | 03/08/13-09/15/13 | $24,968 |
| l. | Zion | L.H. | 11/09/13-01/31/14 | $9,762 |
| m. | Zion | D.J. | 09/05/13-03/03/14 | $23,688 |
| n. | Zion | E.S. | 07/17/14-01/23/15 | $25,212 |

All in violation of Title 18, United States Code, Section 1349.

**COUNTS TWO THROUGH TEN**
(Healthcare Fraud)

1. The allegations contained in paragraphs 1 through 29 of Count One of this Indictment are re-alleged and incorporated herein.

2. On or about the dates listed in the chart below, in the Northern District of Mississippi, defendants, DR. SCOTT NELSON, CHARLINE BRANDON, a.k.a. Hadiya Imani El Bey, and WENDELL BRANDON, a.k.a. Omari Ibrahim El Bey, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and willfully execute a scheme and artifice, affecting interstate commerce, to defraud a health care benefit program, that is, Medicare, and to obtain money and property owned by and under the custody and control of Medicare, by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items and services; that is, DR. SCOTT NELSON certified each of the patients listed in the chart below as terminally-ill and qualified for hospice when in truth and in fact, the patients were not terminally-ill and did not qualify for hospice care, and as a result of DR. SCOTT NELSON'S certification, CHARLINE

10

BRANDON, a.k.a. Hadiya Imani El Bey, and WENDELL BRANDON, a.k.a. Omari Ibrahim El Bey, through Haven Hospice, North Haven Hospice and Lion Hospice, knowingly submitted fraudulent claims to Medicare and receive payments from Medicare based on false certifications and referrals, each patient constituting a separate count of this Indictment, in violation of Title 18, United States Code, Sections 2 and 1347:

| COUNT | HOSPICE PROVIDER | Patient | Claim Dates (Approx.) | Amount Paid by Medicare (Approx. Total) |
|---|---|---|---|---|
| 2 | Haven | M.A. | 08/08/12-02/05/13 | $23,712 |
| 3 | Haven | E.T. | 08/14/12-02/09/13 | $23,725 |
| 4 | Haven | E.M. | 04/01/14-05/25/15 | $45,558 |
| 5 | Haven | L.S. | 07/24/12-01/13/13 | $22,887 |
| 6 | Haven | E.C. | 10/01/12-03/29/13 | $23,825 |
| 7 | North Haven | E.B. | 09/12/12-03/15/13 | $23,785 |
| 8 | North Haven | T.D. | 12/27/12-08/24/13 | $31,512 |
| 9 | Lion | M.B. | 03/05/13-09/12/13 | $24,976 |
| 10 | Lion | J.B. | 03/08/13-09/15/13 | $24,968 |

All in violation of Title 18, United States Code, Sections 2 and 1347.

## COUNTS ELEVEN THROUGH THIRTEEN
(Healthcare Fraud)

1. The allegations contained in paragraphs 1 through 29 of Count One of this Indictment are re-alleged and incorporated herein.

2. On or about the dates listed in the chart below, in the Northern District of Mississippi, defendants, DR. SCOTT NELSON and ANNETTE LOFTON, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and willfully execute a scheme and artifice, affecting interstate commerce, to defraud a health care benefit

program, that is, Medicare, and to obtain money and property owned by and under the custody and control of Medicare, by means of false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items and services; that is, DR. SCOTT NELSON certified each of the patients listed in the chart below as terminally-ill and qualified for hospice when in truth and in fact, the patients were not terminally-ill and did not qualify for hospice care, and as a result of DR. SCOTT NELSON'S certification, ANNETTE LOFTON, through Zion Hospice, knowingly submitted fraudulent claims to Medicare and received payments from Medicare based on false certifications and referrals, each patient constituting a separate count of this Indictment, in violation of Title 18, United States Code, Sections 2 and 1347:

| COUNT | HOSPICE PROVIDER | Patient | Claim Dates (Approx.) | Amount Paid by Medicare (Approx. Total) |
|---|---|---|---|---|
| 11 | Zion | L.H. | 09/28/12-01/31/14 | $46,046 |
| 12 | Zion | D.J. | 09/05/13-03/03/14 | $23,688 |
| 13 | Zion | E.S. | 07/17/14-01/23/15 | $25,212 |

All in violation of Title 18, United States Code, Sections 2 and 1347.

### FORFEITURE NOTICE

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7) and Title 18, United States Code, Sections 982(a)(1).

Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1347 and 1349 set forth in this Indictment, the Defendants, DR. SCOTT NELSON, CHARLINE BRANDON, a.k.a. Hadiya Imani El Bey, WENDELL BRANDON, a.k.a. Omari Ibrahim El Bey,

and ANNETTE LOFTON, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses.

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

/s/signature redacted
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY