IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 4:17-CR-131-DMB-JMV

SCOTT E. NELSON
CHARLINE BRANDON, a.k.a. Hadiya Imani El Bey
WENDELL BRANDON, a.k.a. Omari Ibrahim El Bey
ANNETTE LOFTON

GOVERNMENT'S MOTION FOR PROTECTIVE
ORDER REGARDING DISCOVERY

Comes now the United States of America, by and through the Acting United States Attorney for the Northern District of Mississippi, and respectfully moves the Court, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, to enter an order prohibiting the unauthorized disclosure of certain discovery material or information contained therein to non-litigants. In support of this motion, the government states as follows:

1. Defendant, SCOTT E. NELSON, is charged with one count of Health Care Fraud Conspiracy and thirteen (13) counts of Health Care Fraud.

2. Defendant, CHARLINE BRANDON, a.k.a. Hadiya Imani El Bey, is charged with one count of Health Care Fraud Conspiracy and ten (10) counts of Health Care Fraud.

3. Defendant, WENDELL BRANDON, a.k.a. Omari Ibrahim El Bey, is charged with one count of Health Care Fraud Conspiracy and ten (10) counts of Health Care Fraud.

4. Defendant, ANNETTE LOFTON, is charged with one count of Health Care Fraud Conspiracy and four (4) counts of Health Care Fraud.

5. The voluminous discovery materials in this case contain, among other things, health care information, including medical records; private financial information about numerous

individuals; other private information, including social security numbers, addresses, and birth dates; and confidential tax returns and taxpayer return information.

6. Due to the volume of discovery in this case and the nature of the charges, it would be virtually impossible to sufficiently redact discovery documents and still comply with the obligations of Rule 16 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3500. Accordingly, the government requests that the Court enter a Protective Order that would allow the government to provide un-redacted discovery materials to the defendant.

7. The request that the Court enter a Protective Order containing the following provisions:

A. Many of the materials provided as discovery (hereinafter discovery materials), produced by the government in preparation for or in connection with any stage of the proceedings in this case, including, but not limited to: individuals' records, medical records and healthcare information, investigators or agency memoranda or reports, grand jury transcripts, witness statements, tapes, computer disks, transcripts, applications, affidavits, computer or electronic records, memoranda of interview, tax returns, internal books and records of a witness's or defendant's business, bank records, and any documents and tangible objects provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the record), are not public information. Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination.

B. Such discovery materials provided by the United States should be utilized by the defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

C. Such discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or

entity other than the defendant, defendant's counsel, persons employed to assist in the defense, individuals who are interviewed as potential witnesses in the case, or such other persons as to whom the Court may authorize disclosure.

D. Such discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter.

E. Defendant's counsel should inform the defendant of the provisions of the Protective Order, and direct him/her not to disclose or use any information contained in the government's discovery in violation of the Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

For the reasons set forth above, the United States respectfully requests that the Court issue a Protective Order regarding discovery material in this case.

This the 16th day of November, 2017.

    Respectfully submitted,

    ROBERT H. NORMAN
    Acting United States Attorney

By:    */s/ Clayton A. Dabbs*
    CLAYTON A. DABBS
    Assistant United States Attorney
    Mississippi Bar No. 101537
    900 Jefferson Avenue
    Oxford, MS  38655
    Telephone: (662) 234-3351
    Fax: (662) 234-0657

## **CERTIFICATE OF SERVICE**

I, Clayton A. Dabbs, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I electronically filed the foregoing **GOVERNMENT'S MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY** with the Clerk of the Court using the ECF system which sent notification of such filing to:

Honorable Philip Mansour , Jr
phil@mansouradams.com

Honorable John H. Daniels , III
jhdiii@suddenlinkmail.com

Honorable Gerald Haggart Jacks
gjacks@jlpalaw.com

Honorable Edward J. Bogen , Jr
joshbogen@aol.com

Honorable Whitman D. Mounger
lizmounger@att.net

This the 16th day of November, 2017.

                                             */s/ Clayton A. Dabbs*
                                             CLAYTON A. DABBS
                                             Assistant United States Attorney