IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA                                             PLAINTIFFS

v.                                              CRIMINAL NO. 4:17-CR-131-DMB-JMV

SCOTT E. NELSON                                                      DEFENDANTS
CHARLINE BRANDON, a.k.a. Hadiya Imani El Bey
WENDELL BRANDON, a.k.a. Omari Ibrahim El Bey
ANNETTE LOFTON
_____

**PROTECTIVE ORDER REGARDING DISCOVERY**
_____

      This cause is before the court on plaintiff's motion for entry of a protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure prohibiting the unauthorized disclosure of certain discovery material or information contained therein to non-litigants. Having found that the motion is unopposed and well taken, the motion is hereby GRANTED and the order of protection is as follows:

      A.    Materials provided as discovery (hereinafter discovery materials), produced by the government in preparation for or in connection with any stage of the proceedings in this case, including, but not limited to: individuals' records, medical records and healthcare information, investigators or agency memoranda or reports, grand jury transcripts, witness statements, tapes, computer disks, transcripts, applications, affidavits, computer or electronic records, memoranda of interview, tax returns, internal books and records of a witness's or defendant's business, bank records, and any documents and tangible objects provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the record), are not public

information. Accordingly, these discovery materials and all copies thereof should be protected from unnecessary dissemination.

B. Such discovery materials provided by the United States should be utilized by the defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

C. Such discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the defendant, defendant's counsel, persons employed to assist in the defense, individuals who are interviewed as potential witnesses in the case, or such other persons as to whom the Court may authorize disclosure.

D. Such discovery materials should not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare or assist in the defense, and all such copies and reproductions will be treated in the same manner as the original matter.

E. Defendant's counsel should inform the defendant of the provisions of the Protective Order, and direct him/her not to disclose or use any information contained in the government's discovery in violation of the Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

**SO ORDERED** this the 28th day of November, 2017.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**