# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 4:17-CR-131-DMB-JMV |
| v. | ) | |
| | ) | 4:17-CR-131-DMB-JMV-1 (Nelson) |
| SCOTT E. NELSON, CHARLINE | ) | 4:17-CR-131-DMB-JMV-2 (C. Brandon) |
| BRANDON, WENDELL BRANDON | ) | 4:17-CR-131-DMB-JMV-3 (W. Brandon) |
| and ANNETTE LOFTON | ) | 4:17-CR-131-DMB-JMV-4 (Lofton) |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS COUNTS TWO, THREE,
## FIVE, SIX, SEVEN AND ELEVEN OF THE INDICTMENT

**COMES NOW** the Defendant, SCOTT E. NELSON (hereinafter "Defendant NELSON"), by and through his undersigned attorney, and files this, his *Memorandum of Law in Support of Motion to Dismiss Counts Two, Three, Five, Six, Seven and Eleven of the Indictment* in the above styled and numbered cause.

Defendant NELSON respectfully submits that 18 U.S. Code § 3282 is the general statute of limitations provision of the *United States Code* and is the applicable statute for the specific offenses charged against the Defendant NELSON in violation of Title 18, U.S. Code Sections 2 and 1347.

The Indictment filed herein against the Defendant NELSON specifically charges the Defendant, among other things, with falsely certifying the patients listed in Counts Two, Three, Five, Six, Seven and Eleven of the Indictment as terminally ill and qualifying for hospice. Pursuant to the Indictment, said certifications occurred as follows:

| | | | |
|---|---|---|---|
| Count Two | Patient M.A. | Certification Date: | 08/08/12 |
| Count Three | Patient E.T. | Certification Date: | 08/14/12 |
| Count Five | Patient L.S. | Certification Date: | 07/24/12 |
| Count Six | Patient E.C. | Certification Date: | 10/01/12 |
| Count Seven | Patient E.B. | Certification Date: | 09/12/12 |
| Count Eleven | Patient L.H. | Certification Date: | 09/28/12 |

Defendant NELSON respectfully submits that each of these false certifications alleged to have been committed by Defendant NELSON all occurred outside of a five-year period, from November 3, 2017, the date of the Indictment herein. Thus, those counts of the indictment that charge Defendant NELSON with false certifications occurring prior to November 3, 2012, are barred by the statute of limitations.

Defendant NELSON, Movant herein, would respectfully show that these specific Counts allege specific crimes in violation of Title 18, U.S. Code Sections 2 and 1347, against Defendant NELSON.

## LEGAL ARGUMENT

In *United States v. Rabhan,* 2007 WL 9627795, in the United States District Court for the Northern District of Mississippi, Greenville Division, Judge W. Allen Pepper, Jr., specifically found that Section 3282 of the U. S. Code applied to Count 8 of the Indictment in which the Defendant was charged with aiding and abetting a criminal offense in violation of 18 U.S.C. § 1014, and granted Defendant's Motion to Dismiss said count of the Indictment based on the applicable statute of limitations.

Defendant NELSON, movant herein, would show that he has been specifically charged with aiding and abetting other individuals in submitting fraudulent claims to Medicare and receiving payment from Medicare based on his false certifications.

*United States v. Rabhan* specifically stands for the principal that the aiding and abetting statute does not define a separate crime, but rather, provides another means of convicting someone for the underlying offense, citing *U.S. v. Oates,* 560 F.2d 45 (2d. Cir. 1977): "[O]ne who aids and abets the commission of a crime is not only punishable as a principal but is a principal." Thus, given that "criminal statutes of limitations are to be liberally interpreted in favor of repose," citing *U.S. v.*

*Marion,* 404 *U.S.* 307 (1971)*; U.S. v. Meador,* 138 F.3d 986 (5th Cir. 1998), and given that the Supreme Court "has repeatedly reaffirmed that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity,'." *U.S. v. Matassini,* 565 F.2d 1247 (5th Cir. 1978).

## CONCLUSION

Defendant NELSON respectfully submits, based on the foregoing, that Counts Two, Three, Five, Six, Seven and Eleven clearly fall within the five year statute of limitations, and therefore, same should be dismissed.

**Respectfully submitted,**

*s/   Philip Mansour, Jr.*

MANSOUR & ADAMS
143 North Edison Street
P. O. Box 1406
Greenville, MS  38702-1406
Phone:       (662) 378-2244
Fax:           (662) 378-2246
Email:        phil@mansouradams.com

*Attorney for Defendant, Scott E. Nelson*

Date:   January 17, 2018

### *Certificate of Service*

I hereby certify that on January 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Clayton A. Dabbs, Esq.
clay.dabbs@usdoj.gov
Robert J. Mims, Esq.
robert.mims@usdoj.gov
*Assistant United States Attorneys*

Gerald H. Jacks, Esq.
gjacks@jlpalaw.com
Christopher N. Bailey, Esq.
cbailey@jlpalaw.com

Jamie F. Jacks, Esq.
jjacks@jlpalaw.com
Gaines S. Dyer, Esq.
gsdyer@suddenlinkmail.com
John H. Daniels, III, Esq.
jhdiii@suddenlinkmail.com
J. Peirce Beach, Esq.
jpbeach@outlook.com
*Attorneys for Charline Brandon*

Edward J. Bogen, Jr., Esq.
joshbogen@aol.com
*Attorney for Wendell Brandon*

Whitman D. Mounger, Esq.
lizmounger@att.net
*Attorney for Annette Lofton*

                                                                 s/ *Philip Mansour, Jr.*