# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 4:17-CR-131-DMB-JMV |
| v. ) | |
| ) | 4:17-CR-131-DMB-JMV-1 (Nelson) |
| SCOTT E. NELSON, CHARLINE ) | 4:17-CR-131-DMB-JMV-2 (C. Brandon) |
| BRANDON, WENDELL BRANDON ) | 4:17-CR-131-DMB-JMV-3 (W. Brandon) |
| and ANNETTE LOFTON ) | 4:17-CR-131-DMB-JMV-4 (Lofton) |
| ) | |

### DEFENDANT NELSON'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION TO DISMISS COUNTS TWO, THREE, FIVE, SIX, SEVEN AND ELEVEN OF THE INDICTMENT

**COMES NOW** the Defendant, SCOTT E. NELSON (hereinafter "Defendant NELSON"), by and through his undersigned attorney, and files this *Reply to the Government's Response to His Motion to Dismiss Counts Two, Three, Five, Six, Seven and Eleven of the Indictment* in the above styled and numbered cause, and in support thereof would show as follows:

1.

Defendant NELSON would state unto the Court that *United States v. Rabhan*, 2007 WL 9627795, was not cited for the purpose of determining which statutory period was applicable. The purpose for citing that particular case to the Court was to establish that a charge of aiding and abetting constitutes a separate charge to which the statute of limitations is applicable.

2.

Additionally, Defendant NELSON would respectfully submit that the UNITED STATES OF AMERICA'S (hereinafter the "GOVERNMENT") reliance upon *United States v. Hickman*, 331 F.3d 439 and *United States v. Holden*, 806 F.3d 1232 is misplaced. The Court in *Hickman* specifically found that the crime of health care fraud is complete upon the "execution of a scheme." *Id.* at 445.

The Court in *Hickman*, *supra*, stated:

We hold, by analogy, that the health care fraud statute, § 1347, punishes executions or attempted executions of schemes to defraud, and not simply acts in furtherance of the scheme. Of course, **although the crime of health care fraud is complete upon the execution of a scheme**, any scheme can be executed a number of times, and each execution may be charged as a separate count. [Emphasis added.]

*Citing Lemons,* 941 F.2d at 317; *De La Mata,* 266 F.3d at 1287.

3.

Defendant NELSON is specifically charged with aiding and abetting health care fraud by falsely certifying patients as hospice eligible. Defendant NELSON submits that the alleged false certification constitutes the execution of the scheme set forth in the Indictment. Defendant NELSON contends that once the certification is complete, the applicable statutory period begins to run. Defendant NELSON would respectfully submit that the GOVERNMENT has alleged no further involvement on his part from and after the date of certification alleged in Counts Two, Three, Five, Six, Seven and Eleven of the Indictment. Therefore, Defendant NELSON would respectfully submit that the crime for which he is charged was complete upon his certification of each patient as hospice eligible.

4.

Defendant NELSON would also respectfully submit that even though the Court has ruled health care fraud is a continuing offense, Defendant NELSON'S alleged involvement of aiding and abetting is not a continuing offense. The GOVERNMENT has charged Defendant NELSON with aiding and abetting health care fraud, specifically in Counts Two through Eleven of the Indictment. His alleged involvement in each of those counts ended upon the certification of hospice eligibility,

and the GOVERNMENT alleges no further action on his part in furtherance of either the scheme or crime.

5.

Defendant NELSON respectfully submits that Counts Two, Three, Five, Six, Seven and Eleven of the Indictment are barred by the five-year statute of limitations, 18 U.S. Code § 3282, and should therefore be dismissed.

**Respectfully submitted,**

s/  *Philip Mansour, Jr.*

MANSOUR & ADAMS
143 North Edison Street
P. O. Box 1406
Greenville, MS  38702-1406
Phone:     (662) 378-2244
Fax:        (662) 378-2246
Email:     phil@mansouradams.com

*Attorney for Defendant, Scott E. Nelson*

Date:   January 25, 2018

### *Certificate of Service*

I hereby certify that on January 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Clayton A. Dabbs, Esq.
clay.dabbs@usdoj.gov
Robert J. Mims, Esq.
robert.mims@usdoj.gov
*Assistant United States Attorneys*

Gerald H. Jacks, Esq.
gjacks@jlpalaw.com
Christopher N. Bailey, Esq.
cbailey@jlpalaw.com
Jamie F. Jacks, Esq.
jjacks@jlpalaw.com

Gaines S. Dyer, Esq.
gsdyer@suddenlinkmail.com
John H. Daniels, III, Esq.
jhdiii@suddenlinkmail.com
J. Peirce Beach, Esq.
jpbeach@outlook.com
*Attorneys for Charline Brandon*

Edward J. Bogen, Jr., Esq.
joshbogen@aol.com
*Attorney for Wendell Brandon*

Whitman D. Mounger, Esq.
lizmounger@att.net
*Attorney for Annette Lofton*

              s/  <u>Philip Mansour, Jr.</u>