IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.         NO. 4:17-CR-131-1

SCOTT E. NELSON

### ORDER

This criminal action is before the on Scott E. Nelson's "Motion to Dismiss Counts Two, Three, Five, Six, Seven and Eleven of the Indictment." Doc. #40.

### I
### Procedural History

On November 3, 2017, Scott Nelson, Charline Brandon, Wendell Brandon, and Annette Lofton were named in a thirteen-count indictment charging various crimes related to an alleged healthcare conspiracy. *See* Doc. #1. According to the indictment, Nelson, while enrolled as a provider for Medicare and Medicaid, served as a medical director for various hospice centers in the state of Mississippi. *Id*. at ¶ 1.

Count One of the indictment charges Nelson with "Healthcare Fraud Conspiracy" based on the allegation that Nelson:

> falsely certified patients as terminally ill and qualified for hospice services and referred patients to Genesis Hospice, Haven Hospice, North Haven Hospice, Lion Hospice, Zion Hospice, Milestone Hospice, Sandanna Hospice, and Revelation Hospice, which allowed the aforementioned hospice providers to bill Medicare and Medicaid and receive payments from Medicare and Medicaid related to those patients.

*Id*. at ¶ 14.

Counts Two through Thirteen each charge Nelson with single counts of aiding and abetting healthcare fraud under 18 U.S.C. § 1347 based on Nelson's false certifications and his co-

defendants' filing false claims. *Id*. at 2, 12. The counts charge false claims schemes for individual patients ranging from: (1) August 8, 2012, through February 5, 2013, for Count Two; (2) August 14, 2012, through February 9, 2013, for Count Three; (3) April 1, 2014, through May 25, 2015, for Count Four; (4) July 24, 2012, through January 13, 2013, for Count Five; (5) October 1, 2012, through March 29, 2013, for Count Six; (6) September 12, 2012, through March 15, 2013, for Count Seven; (7) December 27, 2012, through August 24, 2013, for Count Eight; (8) March 5, 2013, through September 12, 2013, for Count Nine; (9) March 8, 2013, through September 15, 2013, for Count Ten; (10) September 28, 2012, through January 31, 2014, for Count Eleven; (11) September 5, 2013, through March 3, 2014, for Count Twelve; and (12) July 17, 2014, through January 23, 2015, for Count Thirteen.

On January 17, 2018, Nelson, citing the applicable statute of limitations, filed a motion to dismiss Counts Two, Three, Five, Six, Seven, and Eleven. Doc. #40. The Government responded in opposition to the motion on January 24, 2018. Doc. #42. Nelson replied on January 26, 2018. Doc. #43.

## II
## Standard

"As a motion to dismiss an indictment for failure to state an offense is a challenge to the sufficiency of the indictment, … [a court is] required to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (internal quotation marks omitted). Furthermore, "[i]t has never been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses." *United States v. Sisson*, 399 U.S. 267, 288 (1970). Thus, "[i]n the specific context of a motion based on statute of limitations grounds, a pre-trial motion to dismiss is premature if the indictment is facially

2

sufficient and the defendant's argument in favor of dismissal requires a determination of factual issues." *United States v. Kogan*, 283 F.Supp.3d 127, 134 (S.D.N.Y. 2017).

### III
### Analysis

"[A]iding and abetting is governed by the statute of limitations applicable to the predicate offense." *United States v. Rabhan*, 540 F.3d 344, 348 (5th Cir. 2008). The limitations period for 18 U.S.C. § 1347, the predicate offense of the challenged counts, is five years. *United States v. Mermelstein*, 487 F.Supp.2d 242, 252 (E.D.N.Y. 2007) (citing 18 U.S.C. § 3282). Nelson argues that "those counts of the indictment that charge [him] with false certifications occurring prior to November 3, 2012, are barred by the statute of limitations." Doc. #41 at 2. In this regard, Nelson submits, and the Government does not contest, that each false certification occurred no later than the first false claim for each patient. From there, Nelson contends that Counts Two, Three, Five, Six, Seven, and Eleven, must be dismissed as time barred because each count involves a false certification which occurred more than five years before the date of indictment in this case. The Government responds that the motion must be denied because "[i]n each count of the Indictment, execution of the scheme included claims submitted to Medicare within five years of November 3, 2017." Doc. #42 at 4.

"Statutes of limitations normally begin to run when the crime is complete." *United States v. Tavarez-Levario*, 788 F.3d 433, 436 (5th Cir. 2015) (alterations omitted). However, "for a continuing offense, the statute of limitations does not begin to run when all elements of the crime are first satisfied, but rather when the ongoing commission of the crime comes to an end." *Id.* at 437. This completeness rule applies to defendants charged under 18 U.S.C. § 2's aiding and abetting provision, even when the defendant's only acts related to the crime would fall outside the statute of limitations. *See United States v. Erb*, 543 F.2d 438, 446 (2d Cir. 1976) ("DeBoer argues

3

that because his acts of aiding and abetting occurred a few months before, the statute of limitations bars his conviction. The argument is a novel one, but we do not agree with it. The period of limitation began to run only when the crime was 'complete.'"); *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1398 (4th Cir. 1993) ("A defendant who merely aided and abetted in [a] fraud and performed all of his acts in relation thereto … outside the limitations period nonetheless may be prosecuted for his role where the fraud was completed inside the limitations period.").

"[H]ealth care fraud is a continuing offense …." *United States v. Hickman*, 331 F.3d 439, 447 n.8 (5th Cir. 2003). Thus, "[s]o long as the indictment was written so as to allege only one execution of an ongoing scheme, … the government may charge a single health care fraud scheme in violation of 18 U.S.C. § 1347 even when several acts in furtherance of the scheme fall outside the statute of limitations." *United States v. Holden*, 806 F.3d 1227, 1232 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, in the challenged counts, the Government has charged Nelson with aiding and abetting the continuing crime of healthcare fraud. Each count alleges a scheme ending inside the limitations period. Accordingly, the counts are timely, notwithstanding that some of the alleged acts, including Nelson's role in the scheme, occurred outside the limitations period. *Id.*; *see also Kogan*, 283 F.Supp.3d at 134–35 (rejecting argument that "portions of … the … substantive healthcare fraud counts must be dismissed to the extent that they allege acts occurring before March 29, 2011"). Therefore, Nelson's motion to dismiss will be denied.[1]

---

[1] None of the cases cited by Nelson, which stand for the unremarkable propositions that aiding and abetting is not a separate crime and that criminal statutes should be construed in favor of a defendant, compel or even suggest a different result. *See* Doc. #41 at 2–3.

## IV
## Conclusion

For the reasons above, Nelson's motion to dismiss [40] is **DENIED**.

**SO ORDERED**, this 31st day of May, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**