IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:17-CR-131-1

SCOTT E. NELSON

**ORDER**

On November 3, 2017, Scott E. Nelson and three other individuals were named in a thirteen-count Indictment charging various crimes related to an alleged healthcare conspiracy.[1] Doc. #1. On August 20, 2019, Nelson, pursuant to a proposed plea agreement with the government, waived indictment and pled guilty to a one-count Information charging misprison of a felony.[2] Docs. #148, #149, #150. The proposed plea agreement provided, among other things, that the government would dismiss all other charges against Nelson upon the conclusion of his sentencing on the Information. Doc. #150 at 1. This Court deferred a decision on the proposed plea agreement pending review of the presentence investigation report. Doc. #152.

At Nelson's sentencing hearing on December 11, 2019, this Court rejected the proposed plea agreement and gave Nelson the opportunity to withdraw his guilty plea to the Information. Doc. #193. At Nelson's request, the Court continued the sentencing hearing to allow Nelson to discuss the matter with his attorney. *Id.* During the resumption of the sentencing hearing on February 13, 2020, Nelson withdrew his guilty plea to the Information. Doc. #216. Accordingly,

---

[1] Nelson is named in all thirteen counts. Count One charges him with "Healthcare Fraud Conspiracy" based on allegations that he falsely certified patients as terminally ill and qualified for hospice services, and referred patients to various hospice providers, which allowed the providers to bill and receive payments from Medicare and Medicaid. Doc. #1 at 4. Counts Two through Thirteen each charge Nelson with aiding and abetting healthcare fraud under 18 U.S.C. § 1347 based on his alleged false certifications and his codefendants' filing of false claims. *Id.* at 10–12.

[2] The Information states that Nelson, "having knowledge of the commission of a felony … did conceal the same and did not as soon as possible make known the same … in violation of Title 18, United States Code, Section 4." Doc. #149.

the original thirteen-count Indictment against Nelson is now set to proceed to trial.[3] Doc. #218.

On March 2, 2020, the government, pursuant to Federal Rule of Criminal Procedure 48(a), filed a motion to dismiss the Information as moot since Nelson "formally withdrew his guilty plea and stated his desire to proceed under the original Indictment."[4] Doc. #223. Nelson did not respond to the motion.

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." "This 'leave of court' requirement has been interpreted to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011) (internal quotation marks omitted). However, this discretion must be exercised with a view to the rule's purpose—"to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977).

As a general rule, a motion to dismiss "should be granted unless the trial court has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (internal quotation marks omitted). "Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons – reasons that constitute more than a mere conclusory interest." *Id*. (internal footnote and quotation marks omitted).

---

[3] All of Nelson's codefendants pled guilty to one count of the Indictment. Docs. #73, 89, 92. One has been sentenced. Doc. #213. The other two are awaiting sentencing. Docs. #207, #222.

[4] This written motion to dismiss follows the government's oral motion to dismiss at the December 11 hearing.

Because the government moves to dismiss the Information as moot, there is no risk of prosecutorial harassment. For the same reason, there is nothing to indicate that the motion was motivated by considerations contrary to the public interest. Accordingly, the government's motion to dismiss the Information [223] is **GRANTED**. The August 20, 2019, Information filed in this case against Nelson is **DISMISSED**.[5]

**SO ORDERED**, this 20th day of March, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] The government did not specify whether it sought dismissal with or without prejudice. Because Nelson did not respond to the government's motion, he has not asserted a position on the matter. However, "under Rule 48(a) … the dismissal is without prejudice … unless the contrary [intent] is expressly stated." *United States v. Abdush-Shakur*, 314 F. App'x 97, 99 (10th Cir. 2008).