IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                       NO. 4:17-CR-131-1

SCOTT E. NELSON

**ORDER**

On November 3, 2017, Scott E. Nelson was named in all counts of a thirteen-count Indictment charging healthcare fraud crimes.[1] Doc. #1. On March 14, 2022, the government, pursuant to Federal Rule of Criminal Procedure 48(a), moved to dismiss Count Eleven[2] of the Indictment against Nelson. Doc. #299. As cause, the government represents that "[t]he patient 'L.H.' referenced in Count Eleven is deceased and not available to testify. Accordingly, the Government is no longer pursuing the charges in Count Eleven." *Id.* at 1.

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint. The government may not dismiss the prosecution during trial without the defendant's consent." "This 'leave of court' requirement has been interpreted to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011) (internal quotation marks omitted). However, this discretion must be exercised with a view to the rule's purpose—"to protect the defendant against prosecutorial harassment." *Id.*

As a general rule, a motion for leave to dismiss "should be granted unless the trial court

---

[1] The Indictment named three other individuals as defendants, all of whom pled guilty to Count One of the Indictment, which charges a healthcare fraud conspiracy. *See* Docs. #1, #73, #89, #92.

[2] Count Eleven charges Nelson with knowingly executing a scheme to defraud Medicare by, among other things, certifying the patient L.H. as terminally-ill and qualified for hospice care when L.H. in fact was not terminally-ill and did not qualify for hospice care. Doc. #1 at 11–12.

has an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest." *United States v. Salinas*, 693 F.2d 348, 352 (5th Cir. 1982) (internal quotation marks omitted). "Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons – reasons that constitute more than a mere conclusory interest." *Id*. (cleaned up).

Here, the government's proffered reason for dismissal—the death of the referenced patient—is sufficient. Accordingly, the motion to dismiss [299] is **GRANTED**. The charges in Count Eleven of the Indictment against Nelson are **DISMISSED with prejudice**.

**SO ORDERED**, this 15th day of March, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**