IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                                       NO. 4:17-CR-131-1

SCOTT E. NELSON

**OPINION AND ORDER**

Scott Nelson was released on bond following his indictment and arrest on various healthcare fraud charges. A jury convicted Nelson of one count of conspiracy to commit healthcare fraud and seven counts of healthcare fraud. This Court sentenced Nelson to sixty months of imprisonment on each count and ordered him to voluntarily surrender to begin his sentence. After noticing an appeal of the jury verdict, Nelson filed a motion asking that he be allowed to remain out of custody on bond pending his appeal. Because Nelson has failed to overcome the presumption that he be detained pending appeal, Nelson must surrender to begin his sentence as ordered by the Court.

**I
Procedural History**

On November 3, 2017, Scott E. Nelson, Charline Brandon, Wendell Brandon, and Annette Lofton were charged in a thirteen-count indictment with healthcare fraud and with conspiracy to commit healthcare fraud. Doc. #1. Specifically, Nelson, who was named in all counts, was charged with one count of conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349; and twelve counts of healthcare fraud—each linked to a specific patient—in violation of 18 U.S.C. § 1347. *Id*. at PageID 9–12. Following his arrest on the indictment, Nelson was granted a $10,000 secured bond with certain conditions. Docs. #14, #15.

Charline, Wendell,[1] and Lofton each pled guilty to the conspiracy to commit healthcare fraud charge. *See* Docs. #73, #89, #92. The remaining counts against Wendell and Lofton were dismissed upon their sentencing pursuant to their respective plea agreements. *See* Doc. #213 at 1; Doc. #266 at 1. Because Charline died following her guilty plea, the Court granted the government's motion to dismiss the indictment against her. Doc. #248. Consequently, only Nelson was left to proceed to trial.[2]

On the government's motion a week before trial, the Court dismissed Count Eleven (one of the healthcare fraud counts) against Nelson. Doc. #300. Trial commenced on March 21, 2022. Doc. #302. On April 4, 2022, the jury convicted Nelson on the conspiracy to commit healthcare charge (Count One) and on seven of the remaining healthcare fraud charges as to patients M.A. (Count Two), E.T. (Count Three), E.M. (Count Four), L.S. (Count Five), E.B. (Count Seven), T.D. (Count Eight), and J.B. (Count Ten).[3] Doc. #308. The Court denied Nelson's post-trial motions seeking acquittal or a new trial. Docs. #336, #359. On February 8, 2023, this Court sentenced Nelson to sixty months of imprisonment on each count of conviction, with all terms to run concurrently, and ordered him to voluntarily surrender on June 5, 2023, to begin service of his sentence.[4] Docs. #366 at 2; *see* Doc. #364.

Nelson filed a notice of appeal on February 21, 2023. Doc. #368. Approximately two

---

[1] The Brandons are referenced by their first names for clarity.

[2] Pursuant to a plea agreement with the government, Nelson waived indictment and pled guilty to a one-count information which charged that he "[f]rom on or about June 2010 until on or about March 2015, … having knowledge of the commission of a felony … did conceal the same … in violation of Title 18, United States Code, Section 4." Docs. #148, #149, #150. Following the Court's rejection of the plea agreement, Nelson withdrew his guilty plea. Docs. #193, #216.

[3] The Court permitted Nelson to remain out of custody pending his sentencing under the same bond granted after his arrest. Doc. #216.

[4] The Court granted Nelson's request to recommend to BOP that he be designated for a facility *outside* Mississippi to serve his sentence. *See* Doc. #394 at 49–51; *see also* Doc. #366 at 2.

weeks later, on March 6, 2023, Nelson filed a "Motion for Bond Pending Appeal" requesting he be allowed to remain out of custody pending his appeal. Doc. #369. The government responded in opposition. Doc. #371. Nelson did not reply.

## II
## Discussion

A convicted defendant does not have a constitutional right to bail pending appeal. *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006). With respect to the release or detention of a defendant pending appeal, except in circumstances not applicable here, 18 U.S.C. § 3143 provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1).[5] Section 3143 thus "establishes a presumption against" the release of a

---

[5] The introductory paragraph of Nelson's motion states that it is filed "pursuant to Rule 9 of the Federal Rules of Appellate Procedure, Rule 38 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3143(b)(1)." Doc. #369 at 1. The motion does not elsewhere mention Rule 38. And the only time it again mentions Rule 9 is to cite it as support for the statement that "[t]o prevail on a motion for bail pending appeal, a petitioner must establish the four factors laid out in 18 U.S.C. § 3143(b)." *Id.* Rule 38 provides that "[i]f the defendant is released pending appeal, the court must stay a sentence of imprisonment."

3

convicted defendant pending appeal. *Olis*, 450 F.3d at 585 (quoting *United States v. Williams*, 822 F.2d 512, 517 (5th Cir. 1987)) (internal quotation marks omitted). To overcome the presumption, a convicted defendant bears the burden of showing:

> (1) [by clear and convincing evidence] that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985) (citing *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985), and *United States v. Miller*, 753 F.2d 19, 24 (3rd Cir. 1985)).

Nelson claims that he "satisfies the four elements of § 3143(b) by clear and convincing evidence." Doc. #369 at 4–5. The government disagrees. *See generally* Doc. #371 at PageID 1619–22.

### A. Flee or Danger

Nelson argues he "is not likely to flee nor pose a danger to himself or others if released" because (1) he has complied with the terms of his release during the litigation since he has "remained within the Northern District of Mississippi (except for work-related travel), maintained regular contact with his probation officer, and appeared for all hearings of his case;" (2) "[a]ll of his ties, which include family, friends, colleagues, and his medical practice, are in the Mississippi Delta;" (3) his release pending appeal "would allow him to continue providing a key benefit to his medical community" by rendering medical "service to the otherwise underserved Mississippi Delta

4

and its residents;"[6] and (4) "given the complexities of this case, particularly concerning the relevant healthcare regulations," remaining on bond "would allow him to actively assist in [his] appeal's preparation." Doc. #369 at 2–3.

The government responds that Nelson has not met his burden of showing "by 'clear and convincing evidence' that he is not likely to flee." Doc. #371 at PageID 1619. Acknowledging that Nelson has met his conditions of release, the government, relying on *United States v. Dailey*, 650 F. App'x 193 (5th Cir. 2016), argues that such alone does not constitute clear and convincing evidence. *Id.* The government also submits that because Nelson's "legal status has changed"—he is no longer presumed innocent but been found guilty—he now has a greater "'incentive to flee'" than he did before trial, and his "compliance with pretrial release conditions" can be "discount[ed]." Doc. #371 at PageID 1619–20 (quoting *United States v. Adenuga*, No. 3:12-cr-313, 2014 WL 349568, at *5 (N.D. Tex. Jan. 31, 2014)). Further, the government argues that because Nelson is divorced, because his two adult children are generally independent with one currently working abroad, and because he is "a licensed medical professional with the earning ability and resources to relocate," Nelson has not established he is not a flight risk. *Id.* at PageID 1620.

In *Dailey*, the Fifth Circuit held "the district court did not abuse its discretion in finding that [the defendant] had not shown by clear and convincing evidence that he was not a flight risk" when "[h]is only argument that he [was] not a flight risk [was] that he complied with all the conditions of bail pending trial." 650 F. App'x at 194. Unlike the defendant in *Dailey*, Nelson presents arguments beyond his compliance with the conditions of his release. But Nelson fails to

---

[6] Nelson baldly claims that "as a licensed physician, up and until such time as he reports to the Bureau of Prisons to begin serving his sentence, he would be allowed to maintain his medical license and continue practicing medicine in the State of Mississippi." Doc. #369 at 2. But he has presented nothing to corroborate this statement.

proffer any *evidence*, much less that which meets the clear and convincing standard, to support his arguments.[7] In the absence of such evidence, Nelson fails to rebut the presumption that he is a flight risk.[8]

### B. Purpose of Delay

Nelson argues his appeal filed on his behalf by his trial counsel "is not a dilatory tactic" because, in light of his arguments regarding the third and fourth factors, "[h]is appeal presents serious challenges to the Government's case, the jury's verdict, the application of recent Fifth Circuit precedent to the unique facts of his case, and the Court's interpretation and application of the Federal Sentencing Guidelines as it relates to actual versus intended dollar loss." Doc. #369 at 3. The government did not respond to Nelson's arguments or substantively comment on the purpose-of-delay factor.

Though Nelson's filing of his notice of appeal eleven days after entry of judgment[9] indicates to some degree that the appeal was not filed for the purpose of delay,[10] for the reasons explained below, the Court does not agree that the appeal seriously challenges the government's case, the jury's verdict, or applicable authority regarding his conviction and the calculated loss amount. So, the Court concludes the delay factor weighs against Nelson's release pending appeal.

### C. Substantial Question of Law or Fact and Its "Likely" Impact

A "substantial question" is one that is "either novel, which has not been decided by controlling precedent, or which is fairly doubtful;" is "of more substance than would be necessary

---

[7] Though the Court could determine for itself some of the matters Nelson argues (for instance, whether he has complied with the conditions of his release), the burden here is on Nelson, not the Court.

[8] Nelson did not request an evidentiary hearing or oral argument on his motion. For the reasons articulated in this order, the Court concludes a hearing is not warranted.

[9] *See* Docs. #366, #368.

[10] *See, e.g., United States v. Presley*, No. 5:12-cr-2, 2013 WL 1980388, at *2 (S.D. Miss. May 13, 2013) ("[S]ince the defendant filed her notice of appeal the same day judgment was entered, there is no evidence of delay ….").

to a finding that it was not frivolous;" and is "a 'close' question or one that very well could be decided the other way." *Valera-Elizondo*, 761 F.2d at 1023–24 (cleaned up); *see id.* at 1024 ("'[S]ubstantial question' means that the issue presented must raise a substantial doubt (not merely a fair doubt) as to the outcome of its resolution."). "[R]eversal or a new trial is 'likely' only if it concludes that the question is so integral to the merits of the conviction on which [the] defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.* (quoting *Miller*, 753 F.2d at 23). "Likely" is defined by "its ordinary meaning of 'more probable than not.'" *Id.* at 1025 (citation omitted). Thus, a defendant is required "to demonstrate that if error is found, it will so taint the conviction that it is *more probable than not* that reversal will be required." *Id.* at 1024.

Nelson contends his appeal presents a substantial question of law or fact because his appeal arguments "center around … whether the Government presented a prima facie case for conspiracy and the underlying healthcare fraud counts." *Id.* at 3–4. Relying on the Fifth Circuit's decisions in *United States v. Nora*, 988 F.3d 823 (5th Cir. 2021), and *United States v. Ganji*, 880 F.3d 760 (5th Cir. 2018), Nelson argues it "was and remains in dispute … whether [he] knew that he was committing unlawful acts or acted 'willfully' to defraud Medicare." *Id.* at 4. Nelson further argues that the Fifth Circuit has not yet addressed the issue presented to the Third Circuit in *United States v. Banks*—"whether the Sentencing Commission's commentary 'sweeps more broadly than the plain language of the guideline it interprets.'" *Id.* at 4 (quoting *Banks*, 55 F.4th 246, 256 (3rd Cir. 2022)). So, according to Nelson, his sentencing "poses a novel question for the Fifth Circuit concerning the interpretation of the Federal Sentencing Guidelines." *Id.*

The government responds that Nelson "has not raised a 'substantial question' likely to result in a reversal or a new trial." Doc. #371 at PageID 1620. It argues Nelson's reliance on *Nora*

is misplaced because "the evidence at trial overwhelmingly showed [Nelson] actively participated in fraud against Medicare" so "[t]here is no substantial question or even fair doubt as to [Nelson's] knowledge in this case." Doc. #371 at PageID 1621, 1622. The government also submits that Nelson's argument that the Fifth Circuit may address in his appeal the issues presented in *Banks* is unfounded because "the Court held an extensive hearing to address all sentencing concerns;" "a presentence investigation was completed;" and Nelson "had ample opportunity to present evidence to contradict the determinations of the presentence report" but "failed to present any reasonable alternative to the loss amount in the presentence report." *Id.* at 1622.

In overruling Nelson's objections to the presentence report and in denying Nelson's post-trial motions, the Court earlier considered and rejected Nelson's arguments regarding the government's case against him, the jury's verdict, the application of the Sentencing Guidelines,[11] and case law he cites.[12] *See* Doc. #359; *see generally* Doc. #394 at 3–11. The reasons for the Court's rejection of Nelson arguments need not be repeated here.[13] It is enough to say that nothing

---

[11] Nelson's arguments regarding the Sentencing Commission's commentary rely on the Third Circuit's decision in *Banks* in which the defendant challenged the district court's application of "the intended-loss enhancement to his sentence when the victim suffered $0 in actual losses." 55 F.4th at 255. Noting that only the commentary to the intended loss enhancement, not the plain text of the guideline itself, differentiated between intended and actual loss, the Third Circuit determined that the ordinary meaning of loss in the context of the sentencing enhancement meant "actual loss." *Id.* at 256. Ultimately, it "accord[ed] the commentary no weight" "[b]ecause the commentary expands the definition of 'loss' by explaining that generally 'loss is the greater of actual loss or intended loss." *Id.* at 258. Based on this determination, the Third Circuit held the defendant should be resentenced without consideration of the sentencing enhancement. *Id. Banks* is inapplicable here because, as this Court explained in overruling Nelson's objections to the loss amount, the actual loss amount is what was considered.

[12] Nelson's current motion appears to cite for the first time *United States v. Nora*, 988 F.3d 823 (5th Cir. 2021). In *Nora*, the Fifth Circuit reversed the defendant's conviction for conspiracy to commit healthcare fraud based on its determination that although the evidence clearly showed the defendant knew what his responsibilities were and carried them out, it was unclear whether he knew those responsibilities constituted healthcare fraud. *Id.* at 827–28. In contrast, as this Court concluded in denying Nelson's post-trial motions, the trial evidence here was more than sufficient to support the jury's verdict that Nelson knew he was committing healthcare fraud. In relying on *Nora* then, Nelson essentially seeks reconsideration of the trial evidence leading to his conviction on each count, which is an insufficient basis to continue his bond pending appeal. *See Presley*, 2013 WL 1980388, at *9 (rejecting defendant's argument her appeal raised a substantial question based on her contention the jury verdict was against the overwhelming weight of the evidence and denying bond pending appeal because the court had "already found there was sufficient evidence to support the jury's verdict.").

[13] Though not repeated here, such reasons are incorporated here.

8

in Nelson's motion alters the Court's decisions in that respect.

### D. Summary

Given the Court's determinations above with respect to the relevant factors, Nelson has failed to overcome the presumption against his release pending appeal. For this reason, Nelson's request to remain on bond pending his appeal will be denied.

## III
## Conclusion

Nelson's "Motion for Bond Pending Appeal" [369] is **DENIED**.

**SO ORDERED**, this 30th day of May, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**